---

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:22-po-00005-EAH** |
| **v.** | |
| **JOSE R. BERRIOS,** | |
| **Defendant.** | |

TO:   **Daniel H. Huston, Esq., AUSA**
      **Evan Rikhye, Esq., AUSA**
      **Jose R. Berrios,** *pro se*

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** came before the Court for a Bench Trial on July 6, 2022, concerning three Violation Notices issued to Defendant Jose R. Berrios by National Park Service ("NPS") Ranger Stuart Beaudry at the Buck Island Reef National Monument ("Buck Island"), St. Croix, in March 2022. Berrios was cited for failing to maintain at least a 12-foot distance between his boat and other boats anchored nearby, for failing to obey a lawful order, and for failing to comply with Buck Island closure requirements. The Court concludes that Berrios is not guilty of the failure to maintain distance and closure violations, but that he is guilty of failing to obey a lawful order.

**BACKGROUND**

**I.      Citations**

On March 13, 2022, NPS Ranger Stuart Beaudry issued a violation notice to Berrios for "Rafting—Failure to Maintain Distance." Dkt. No. 1-1. In the Statement of Probable Cause attached to the violation notice, Beaudry averred:

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 2

- On Sunday, March 23, 2022, he and Supervisory Park Ranger Gabriel Laurencin were patrolling the west side of Buck Island. At approximately 1405 hours, he observed five vessels anchored close to each other. "Vessels must maintain a distance of (12) feet minimum from opposing vessels." He later identified the owner of one of the vessels as Berrios.
- He observed a rope attaching Mr. Berrios's vessel to another vessel. Rafting is defined as "tying up to another vessel" and it is not allowed at Buck Island.
- Ranger Laurencin activated the patrol vessel's emergency lights and sirens. Beaudry attempted to verbally address the captains, operators and/or owners of the five vessels, asking them to step forward to the front of their boats but no one stepped forward.
- Ranger Laurencin saw Berrios swimming in the water and informed him that his vessel violated the 12-foot minimum distance.
- At approximately 1530 hours, Beaudry issued a violation notice to Berrios for "closures and public use limits" pursuant to 36 C.F.R. § 1.5(f).

Dkt. No. 1-2.   Regulation § 1.5(f) provides: "Violating a closure, designation, use or activity restriction or condition, schedule of visiting hours, or public use limit is prohibited." 36 C.F.R. § 1.5(f). [1]

On April 20, 2022,[2] the NPS filed another Notice of Violation against Berrios for a "Closure Violation 1730 hrs." related to events on March 13, 2022.  Dkt. No. 3.  The attached Statement of Probable Cause executed by Beaudry provided:

---

[1] Congress has delegated regulatory authority to the National Park Service to control visitor use of national parks in order to protect their natural resources. 36 C.F.R. § 1.5(a) (pursuant to 16 U.S.C. §§ 1, 3, 9a). This regulation grants park superintendents the authority to impose restrictions on otherwise permissible activities within the parks. *Id.*

[2] All three citations were executed on March 13, 2022. Beaudry's Statements of Probable Cause state that he gave Berrios the violation notices for the closure violation and lawful order on March 16, 2022. Laurencin testified that Berrios received the violation notices for closure violation and lawful order on March 20, 2022. The notices for these violations were filed with the Court on April 20 and 21, 2022, respectively.

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 3

- When Beaudry was on patrol with Ranger Laurencin at Buck Island on March 13, he observed a vessel anchored on the west side of the island.  He later identified the vessel's owner as Berrios.
- The hours of operation at Buck Island were from 7:00 a.m. to 5:00 p.m.
- On March 16, he issued a violation notice for closure and public use limits pursuant to 36 C.F.R. § 1.5(f).

Dkt. No. 3-2.

On April 21, 2022, NPS filed a third Violation Notice against Berrios related to events on March 13 for "Lawful Order."  Dkt. No. 4.  The Statement of Probable Cause contained the same language as the violation for the 12-foot minimum distance, with added language that, at approximately "1630 hours," Berrios's vessel was still in violation of the (12) feet minimum distance law and Beaudry issued a notice for violation of a lawful order pursuant to 36 C.F.R. § 2.32(a)(2).  Dkt. No. 4-2.

### II.    Bench Trial

A bench trial took place on July 6, 2022. Park Ranger Gabriel Laurencin testified for the Government. Defendant Berrios, proceeding *pro se*, presented no witnesses.

Laurencin testified that, while on patrol with Ranger Beaudry at Buck Island on March 13, 2022, he saw five vessels anchored that failed to maintain the 12-foot minimum distance from each other. He knew that less than 12 feet separated the boats because his patrol boat was 8½ feet wide and could not fit between any of the boats. This constituted a violation of 36 C.F.R. § 1.5(f), special rules and regulations for Buck Island.  Asked who promulgated the 12-foot distance between boats rule, Laurencin responded that former Park Superintendent

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 4

Gregory Camacho did so in June 2020.  A copy of the Administrative Order containing the 12-foot rule was admitted, Govt Ex. 1, as was a public service announcement news release that NPS sent out to inform the public of the rules, Govt Ex. 2. Ranger Laurencin stated that the public service announcement was emailed to several media outlets including the VI Consortium and Avis, was published on the Buck Island Facebook page, and was discussed on a local radio show in June 2020.

Laurencin testified that, on March 13th, he tried to address the captains, operators and owners of the five boats verbally and then with an intercom and asked them to step forward.  No one stepped forward. He did not see Berrios at that point.  He made contact with Berrios 10 minutes later, when he observed Berrios in the water.  Laurencin told him that his vessel was in violation of the 12-foot minimum distance and that he had to move his boat. Berrios responded that his boat was there first and did not move his boat. Laurencin then continued to attempt to make contact with each of the vessels' owners, captains or operators, after which he and Beaudry decided to move forward with issuing violation notices. Beaudry leaned into Mr. Berrios's vessel and placed the citation on the bow seat.

At 1650 hours, the Park Rangers activated their lights and sirens to let the public know Buck Island closed at 1700 hours, as their normal practice.  Everyone complied except Mr. Berrios.  He remained in the water and took his time to collect his belongings and prepare his vessel for departure.  At 1720 hours, he boarded his vessel and at 1725 he pulled up his anchor and put his boat in gear to leave. Laurencin stated that Berrios was not issued a

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 5

citation for the closure violation that evening; the citation was issued on March 20, 2022, along with a violation for failing to obey a lawful order. Laurencin further testified that Berrios called him over Facebook audio that evening, quite irate about receiving the citation.

On cross-examination, Berrios asked Laurencin why he was not issued the additional violations—closure and lawful order—on the same day that he was issued the 12-foot distance violation. Laurencin responded that it was late in the day, there were 20 people on board including Berrios, and people were drinking alcohol; the Rangers decided that it would be best not to issue those violations at that time.

## DISCUSSION

The Court concludes that Berrios is not guilty of the 12-foot distance and closure violations, and that he is guilty of failing to obey a lawful order.

### I.     The Regulatory Landscape

Congress has delegated regulatory authority to the National Park Service to control visitor use of national parks in order to protect their natural resources. 36 C.F.R. § 1.5(a). This regulation grants park superintendents the authority—and allows them the flexibility—to impose restrictions on otherwise permissible activities within the parks. *Id.* This regulation is concerned with the specific and sometimes transient needs of individual parks and provides the means for tailoring the use of a given park to the particular circumstances of that park. *United States v. Lofton*, 233 F.3d 313, 317 (4th Cir. 2000).

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 6

Violating a closure, designation, use, or activity restriction or condition, or public use limit,

is prohibited. 36 C.F.R. § 1.5(f).[3]

Section 1.5(e) provides that, if the Superintendent exercises authority under 1.5(a),

the public must be informed of those use or activity restrictions or conditions "in accordance

with § 1.7 of this chapter." 36 C.F.R. § 1.5(e). This provision, entitled "Public Notice," contains

two sections: § 1.7(a) provides examples of how notice of these new rules to the general

public must be properly given (when the rules are promulgated), and § 1.7(b) sets forth how

the public may be on notice that the rules have been updated. Section 1.7 provides:

> (a) Whenever the authority of § 1.5(a) is invoked to restrict or control a public
> use or activity, to relax or revoke an existing restriction or control, to designate
> all or a portion of a park area as open or closed, or to require a permit to
> implement a public use limit, the public shall be notified by one or more of the
> following methods:
>
>   (1) Signs posted at conspicuous locations, such as normal points of entry and
> reasonable intervals along the boundary of the affected park locale.
>   (2) Maps available in the office of the superintendent and other places
> convenient to the public.
>   (3) Publication in a newspaper of general circulation in the affected area.
>   (4) Other appropriate methods, such as the removal of closure signs, use of
> electronic media, park brochures, maps and handouts.
> (b) In addition to the above-described notification procedures, the
> superintendent shall compile in writing all the designations, closures, permit
> requirements and other restrictions imposed under discretionary authority.

---

[3] A violation of § 1.5 may subject a person to the following sanctions:

> A person convicted of violating a provision of the regulations contained in parts 1
> through 7. . . of this chapter shall be subject to the criminal penalties provided under 18
> U.S.C. § 1865 [i.e. imprisoned not more than 6 months, fined under this title or both].

36 C.F.R. § 1.3.

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 7

This compilation shall be updated annually and made available to the public
upon request.

36 C.F.R. § 1.7.

The violation based on failure to obey a lawful order was issued pursuant to 36 C.F.R.

§ 2.32(a)(2). That regulation, entitled "interfering with agency functions," provides:

Lawful order. Violating the lawful order of a government employee or agent
authorized to maintain order and control public access and movement during
firefighting operations, search and rescue operations, wildlife management
operations involving animals that pose a threat to public safety, law
enforcement actions, and emergency operations that involve a threat to public
safety or park resources, or *other activities where the control of public
movement and activities is necessary to maintain order and public safety.*

36 C.F.R. § 2.32(a)(2) (emphasis added).

## II.    Violations of 36 C.F.R. § 1.5(f); Notice

Regulation 1.5(a) lacks an explicit mental state requirement. Violations of such

"general intent" provisions call for proof of knowledge and voluntariness. *See* 21 Am. Jur. 2d

Criminal Law §§ 116, 117, 119 (2022). In a related case—involving the same Rangers issuing

a violation notice to another boater on March 13, 2022 for violating the 12-foot minimum

distance at Buck Island, pursuant to 36 C.F.R. § 1.5(f)—the Government asserted that, in

order to find the defendant guilty, it had to show that the defendant  "knowingly failed to

maintain a minimum distance of 12 feet between his boat and other boat [sic] at the Buck

Island Reef National Monument." *United States v. Ritter*, 1:22-po-00007, 2022 WL 2904472,

at *4 (D.V.I. July 22, 2022). The Court adopted the Government's position that a violation of

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 8

1.5(f) must be "knowing"—defined as "an act . . . done purposely and deliberately, and not because of accident, mistake, negligence, good faith or other innocent reason." *United States v. Clendinen*, 699 F. App'x 109, 114 (3d Cir. 2017) (approving V.I. district court jury instruction defining 'knowingly'). Thus, the elements of the 12-foot distance requirement are that a defendant (1) failed to maintain a minimum distance of 12 feet between his boat and another boat, and that (2) he did so knowingly. In the same vein, the elements of the closure notice are that a defendant (1) failed to leave before Buck Island officially closed, and that (2) he did so knowingly.

Here, while notice is not an element of the violation, reading regulation sections 1.5 and 1.7 together, it is clear that proper notice of the rules promulgated under § 1.5(a) is mandatory and must be given by NPS in order for the rules to be effective and subject to enforcement. This is understandable because these kinds of discretionary rules are generally transitory, promulgated to respond to certain conditions, and do not follow the normal route of statutory approval by Congress or the regulatory route of being published in the Federal Register. *See United States v. McGaughey*, 977 F.2d 1067, 1074 (7th Cir. 1992) ("Just as everyone is charged with knowledge of United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents.") (internal quotation marks omitted); *see also Higashi v. United States*, 225 F.3d 1343, (Fed. Cir. 2000) (publication in Federal Register provides legal notice

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 9

"regardless of actual knowledge of what is in the Regulations or of the hardship resulting

from innocent ignorance.") (internal quotation marks omitted).

### A. Twelve-Foot Violation

The Government produced documentary evidence that then-Superintendent

Camacho promulgated Rules for Buck Island on June 10, 2020, given that Buck Island would

be formally reopening following closures occasioned by COVID-19, but with certain

restrictions and public use limits.  Govt Ex. 1.  The Order included a reference to the 12-foot

rule for maintaining minimum distance between boats at Buck Island, as follows:

> Restrictions and Public Use Limits: Under the authority provided to the
> Superintendent in 36 CFR [1.5 and 13.50] the following activities are restricted
> in Buck Island Reef National Monument effective immediately, until further
> notice:
> * * *
> - Maintain distance between vessels at twelve (12) feet minimum.  Vessels cannot
>   be tied or 'rafted' together.

*Id.*  The Order did not refer to the Buck Island hours of operation. The Order stated that it

was "effective June 10, 2020 and w[ould] remain in effect until further notice." *Id.* The

Government also produced a copy of an NPS News Release, entitled "Buck Island National

Monument Safety and Summer Operations," dated June 19, 2020, that provided "No rafting

of vessels; maintain distance at least twelve (12) feet between vessels" as one of 13 bullet

points listing rules that applied to Buck Island.  Govt Ex. 2.  As to hours of operation, the

release stated: "The park is open March through September *6:00 a.m. to 6:00 p.m.*, and

October through February 7:00 a.m. to 5:30 p.m."  *Id.* at 3 (emphasis added).

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 10

Considering the limited evidence that the Government sought to have admitted, and which was admitted, regarding the NPS's efforts to comply with §§ 1.5 and 1.7, the Court will presume that: (1) the NPS news release, Govt Ex. 2, was published in some local newspapers and online publications, as testified to by Laurencin—although the Government offered no copies of those publications as evidence—and (2) those publications referred to the 12-foot requirement. Laurencin also testified to discussing the rule on a local radio talk show. The Court will also presume that these minimal efforts to make the public aware of the new 12-foot distance rule satisfied the notice requirement under 36 C.F.R. § 1.7(a). However, the Government provided absolutely no evidence showing that it had complied with § 1.7(b) by compiling these restrictions in writing and that they were updated annually, which would show that they were still in effect after 2020. As a result, the Court concludes that the public did not have sufficient notice of the rule in March 2022. Even if Berrios was aware of the rule in 2020, no evidence was offered, much less admitted, to show that the rule was updated and still in effect in March 2022. Consequently, the Government has failed to meet its burden and prove beyond a reasonable doubt that Berrios is guilty of the 12-foot violation under 36 C.F.R. S 1.5(f), and therefore, Berrios must be found not guilty.

### B. Closure Violation

Ranger Beaudry issued the closure violation because Berrios did not leave Buck Island by the purported 5:00 p.m. closing time. This violation was also issued pursuant to 36 C.F.R. § 1.5(f).

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 11

As indicated above, the June 2020 Order issued by then-Superintendent Camacho did not refer to the Buck Island hours of operation at all.  Govt Ex. 1.  The June 2020 press release, which is the only documentary evidence the Government offered to support its position that Berrios had violated the closure rule, undercuts its argument. The press release stated that "[t]he park is open March through September 6:00 a.m. to *6:00 p.m.*" (emphasis added). Thus, while Laurencin testified Buck Island closed at 5:00 p.m., which was the time contained on Berrios's violation notice, the documentary evidence indicated that either Laurencin erred or that the public was misinformed of the correct closing time in the press release.

Even if NPS complied with 36 C.F.R. § 1.7(a) by drafting and sending out the press release, Berrios could not be guilty of violating the closure rule because the closure time conveyed to the public therein was 6:00 p.m., not 5:00 p.m.  And if those same hours of operation were in effect in 2022, Berrios could not have been found to have violated the closure rule at that time. In addition, the Government provided no evidence that it complied with § 1.7(b) concerning any updates of hours of operation post-2020. With a question mark hanging over an essential element of the closure violation—the time Buck Island actually closed—the Government has not proven that Berrios violated the closure rule, pursuant to 36 C.F.R. § 1.5(f), beyond a reasonable doubt. Therefore, Berrios is not guilty of the closure violation.

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 12

### C.  Failing to Obey a Lawful Order

Beaudry cited Berrios for violating a lawful order, based on the fact that Laurencin ordered Berrios to move his boat to comply with the 12-foot distance rule at approximately 2:30 p.m. However, at approximately 4:30 p.m., Berrios had not moved his boat.

Laurencin's directive to Berrios was issued pursuant to his authority under 36 C.F.R. § 2.32(a)(2) concerning "public movement and activities . . . necessary to maintain order and public safety."  36 C.F.R. § 2.32(a)(2). The Administrative Order promulgated in June 2020 specifically stated that it was being issued "for the purposes of maintaining public health and safety during the COVID-19 pandemic emergency" and contained the 12-foot distance requirement as one of those rules.[4]  Govt Ex. 1 at 2.  That Order authorized Park Rangers to give orders, like the one Laurencin gave to Berrios, as long as those orders are connected to one of the broad purposes listed in 36 C.F.R. § 2.32(a)(2) for maintaining order, health, and public safety. The fact remains that Berrios was given an order to move and an opportunity to comply; because he failed to do so, he violated § 2.32(a)(2). *See United States v. Goldin*, 311 F.3d 191, 194 (3d Cir. 2002) (affirming failure to comply with lawful dispersal order where the order was given in one of the circumstances outlined in § 2.32(a)(2), defendants had an

---

[4] The fact that the Court has found Berrios not guilty of the 12-foot distance requirement does not undermine the fact that, at the time Laurencin gave Berrios the order to move his boat, Laurencin was engaged in enforcing that rule that had been promulgated to maintain public health and safety at Buck Island.

*USA v. Berrios*
1:22-po-00005-EAH
Opinion and Order
Page 13

opportunity to comply, and did not comply). The Government has established beyond a

reasonable doubt that Berrios violated a lawful order, and the Court finds him guilty of this

violation.

## CONCLUSION

Accordingly, the Court hereby **FINDS AS FOLLOWS:**

1. Berrios is **NOT GUILTY** of failure to maintain a 12-foot distance between boats, in
   violation of 36 C.F.R. § 1.5(f).

2. Berrios is **NOT GUILTY** of failure to follow a closure order, in violation of 36 C.F.R. §
   1.5(f).

3. Berrios is **GUILTY** of failure to follow a lawful order, in violation of 36 C.F.R. §
   2.32(a)(2). Berrios is hereby **ORDERED** to pay a fine of one hundred dollars and zero
   cents ($100.00) within thirty (30) days of this Order.

4. The Clerk of Court shall send a copy of this Order to *pro se* Defendant via certified
   mail.

ENTER:

Dated: July 29, 2022                          /s/ Emile A. Henderson III
                                              EMILE A. HENDERSON III
                                              U.S. MAGISTRATE JUDGE